**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 06 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MARY L. PAYNE, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| vs. | ) 4:18-cv-635-KGB |
| | ) |
| DILLARD'S, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) This case assigned to District Judge Baker |
| | ) and to Magistrate Judge Harris |

## COMPLAINT

Comes now Mary L. Payne, hereinafter referred to herein as the Plaintiff, by and through her attorney Lorie L. Mason, of Mason Law Firm & Associates, PLC, and for her Complaint does hereby states:

### INTRODUCTION

This is an action to redress discrimination based upon age and race and for a permanent injunction prohibiting the Defendant from engaging in the policies and practices complained of herein in violation of 29 USC §621 *et seq.,* the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (hereinafter "Title VII"); Title I of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12111 to 12117 (hereinafter "ADA"); and retaliation; to award liquidated, compensatory and punitive damages; and any and all other benefits of her employment to which she would have been entitled had she not been the victim of said discrimination.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 USC §§1343(3) and (4) in order to secure the relief authority by 29 USC §621 *et seq.*, Title VII, and the Title I of the ADA. Plaintiff also seeks permanent injunction and a declaratory judgment pursuant to 28 USC §2201 and 2202, declaring that the Defendant has discriminated against her in the terms and conditions of her employment.

Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission on March 9, 2016 (See, Exhibit "A," attached hereto). The Equal Employment Opportunity Commission issued a Notice of Right to Sue on June 18, 2018 (See, Exhibit "B," attached hereto).

## PARTIES

1. Plaintiff, Mary L. Payne, is and was at all times relevant hereto a citizen of the United States of America, and a resident of North Little Rock, Pulaski County, Arkansas. Plaintiff was 54 years old at the time of the allegations.

2. Defendant, Dillard's, Inc. ("Dillard's") is a Delaware corporation, licensed to do business in Arkansas. The registered agent for service is: The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, AR 72201.

## FACTS

3. On or about September 28, 2014, Plaintiff was hired as a call center representative for the Dillard's Maumelle Call Center through a temporary agency. In March 2015, Plaintiff was then offered the opportunity to continue work as a permanent employee. At the time of her temporary employment, Plaintiff advised Dillard's that she suffers from a broken back,

and per her physician's orders, she would need her days off to be ran consecutively in order to allow her back to rest; such request was denied.

4. Subsequently, Rebecca Coburn, a Caucasian woman in her mid-thirties, was hired in the same position as the Plaintiff, a call center representative, and received consecutive days off.

5. That the Defendant's failed to accommodate the Plaintiff when she initially requested it. As a result, Plaintiff's physician required the Plaintiff to take thirty (30) days medical leave in order to allow her back to properly heal. That Plaintiff returned to work on or about November 14, 2016.

6. Throughout her employment, Plaintiff performed her duties in a commendable manner, meeting or exceeding the employer's legitimate expectations. In fact, while the Plaintiff was employed as a call center representative, she mentored and trained other employees.

7. During the Plaintiff's employment, a supervisor position became available within the Maumelle location. The Plaintiff, age 55 years old, verbally expressed her interest in such position. Plaintiff was told by her manager, Toni Freisleban, that she would be promoted to that position. Plaintiff then reminded Ms. Freisleban of her necessary accommodations, i.e. part-time position and consecutive days off. Plaintiff was then told that it was impossible for her to receive the accommodations, and given that she was recently engaged, it would be better for her to serve on the problem resolution team. Subsequently, a single employee, Mikala Pruney, who was 21 years old, received the promotion and assumed the duties and responsibilities. When Ms. Pruney received the promotion, she additionally received the exact accommodations that were requested by the Plaintiff, but were denied.

Specifically, Ms. Pruney received a part-time supervisory position with consecutive days off.

8. Plaintiff was then moved to the problem resolution team. Although this gave Plaintiff more responsibilities, as well as more direct contact with customers, her salary did not increase.

9. Age is not a bona fide occupational qualification for the responsibilities and duties of the position held, or sought, by the Plaintiff at the time of her denial of the promotion.

10. While under the direction of manager Toni Freisleban, all of the African-American employees under her supervision were instructed to go to a room for a meeting wherein Ms. Freisleban instructed the employees to turn around and show their bottoms. She advised that due to the upcoming visit from Mr. Jeff O'Flaherty, Director of Call Centers for Dillard's, she wanted to ensure that these individuals knew how to properly wear their clothing.

11. On or about April 30, 2017, a threat of violence was made against the Plaintiff by Christina Carter-Garrett, Plaintiff's direct supervisor. Immediately following the threat, Plaintiff made Mr. O'Flaherty aware of the situation. Rather than take any actions necessary to chastise this employee, Mr. O'Flaherty promoted Ms. Garrett to the position of manager over the entire online chat department. No actions were ever taken by Mr. O'Flaherty to protect or ensure the Plaintiff's safety.

12. Following the investigation by the Equal Employment Opportunity Commission, hereinafter referred to as "EEOC," the Defendant engaged in various conduct that was materially adverse to the Plaintiff. Specifically, Mr. Jeff O'Flaherty inquired of three (3) various employees, Stephanie Alexander, Patricia Scott, and Natasha Murry, requesting

negative written statements involving interactions between them and the Plaintiff. All denied to provide such statements.

13. Subsequently, while in an effort to fill a vacant call center representative position, Mr. Jeff O'Flaherty advised Ms. Freisleban not to employ any individual with the characteristics of the Plaintiff.

14. Additionally, new incoming employees were advised by manager Yvonne Saenz, not to converse nor associate themselves with the Plaintiff due to her lawsuit against the company. At the time, Plaintiff did not have a lawsuit against the Defendant, but rather, had only filed an EEOC complaint.

15. That Plaintiff's actions of participating in the EEOC process by filing a complaint is protected activity. That the preceding actions on behalf of Dillard's were materially adverse to the Plaintiff, and the motive therein was nothing more than mere retaliation.

16. The Defendant's actions in the preceding paragraphs were a willful violation of the Age Discrimination in Employment Act, Title VII, and Title I of the ADA.

17. As a result of the discriminatory actions, Plaintiff has suffered the loss of compensation and benefits, and other opportunities commensurate with her employment.

## I.

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

18. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

19. The actions of the Defendant constitute age discrimination in violation of 29 U.S.C. §621 *et seq.*

20. As a result thereof, Plaintiff is entitled to the relief requested as set forth, *infra*.

## II.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

22. The actions of the Defendant constitute race discrimination in violation of 42 U.S.C. §§ 2000e to 2000e-17.

23. As a result thereof, Plaintiff is entitled to the relief requested as set forth, *infra*.

## III.

## VIOLATION OF TTILE III OF THE AMERICANS WITH DISABILITIES ACT

24. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

25. The actions of the Defendant constitute disability discrimination in violation of 42 U.S.C. §§ 12111 *et seq*.

26. As a result thereof, Plaintiff is entitled to the relief requested as set forth, *infra*.

## IV.

## RETAILIATION

27. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

28. The actions of the Defendant constitute retaliation.

29. As a result thereof, Plaintiff is entitled to the relief requested as set forth, *infra.*

## **DAMAGES**

30. As a direct and proximate result of the discriminatory discharge, Plaintiff suffered damages in an amount in excess of the minimum amount for federal diversity jurisdiction to be determined by a jury for the following elements:

    a. Compensatory and punitive damages;

    b. Liquidated damages for willful violation of the Age Discrimination in Employment Act;

    c. Liquidated damages for willful violation of the Race Discrimination of Title VII of the Civil Rights Act 1964;

    d. Liquidated damages for willful violation of the Disability Discrimination of Title I of the Americans with Disabilities Act; and

    e. Compensatory and punitive damages for retaliation.

31. As a direct proximate result of retaliation, Plaintiff has suffered damages in excess of the minimum federal diversity jurisdiction amount ($75,000.)

**WHEREFORE**, Plaintiff respectfully request this Court grant the following relief:

   a. Grant Plaintiff a trial by jury;

   b. A declaratory judgment that the actions of the Defendant violated Plaintiff's rights as guaranteed by the Age Discrimination in Employment Act;

   c. Grant a permanent injunction prohibiting the Defendant from engaging in the policies and practices complained of herein;

d. Award compensatory and punitive damages;

e. Award liquidated damages for willful violation of the ADEA;

f. Award liquidated damages for willful violation of Title VII;

g. Award liquidated damages for willful violation of ADA;

h. Award compensatory and punitive damages for retaliation;

i. Award attorneys' fees and expenses incurred in this litigation;

j. Award pre and post judgment interest and any and all other relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

MASON LAW FIRM & ASSOCIATES
Attorneys for Plaintiff
P.O. Box 1244
Conway, AR 72033
(501) 504-6275

BY: ___/s/Lorie L. Mason___
Lorie L. Mason, AR Bar#2009054

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>AMENDED<br>493-2016-00859 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Mary L. Payne | Home Phone (Incl. Area Code)<br>(501) 771-2770 | Date of Birth<br>01-27-1961 |
|---|---|---|

Street Address                                City, State and ZIP Code
10641 Frenchmen Loop Apt A, Maumelle, AR 72113

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>DILLARDS, INC | No. Employees, Members<br>15 - 100 | Phone No (Include Area Code)<br>(501) 376-5200 |
|---|---|---|

Street Address                                City, State and ZIP Code
600 Carnahan Drive, Maumelle, AR 72113

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 02-15-2016    Latest: 03-09-2016<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in the position of Customer Service Representative by the above named employer on or about March 18, 2014. During my employment I have been and continue to be subjected to a difference in treatment by my White female supervisor. Specifically, I have been yelled at and talked to repeatedly in a condescending and belligerent manner by my supervisor, who separates the White employees from the Black employees when this occurs. We have objected to the behavior, but it still occurs. I am also aware that I had expressed a verbal interest in a Supervisor position, which was given to a 21 year-old White female, and was told that it was because I have a fiance she awarded the position to the single young female.

I have not been told why I cannot appeal my complaint to the Director of the Department.

I believe I, along with other blacks, have been and continued to be denied equal terms of employment, along with being subjected to harassment and denied a promotion because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended; because of my age (55) in violation of the Age Discrimination in Employment Act (ADEA); and because of my disability in violation of the Americans With Disabilities Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 09, 2016
Date                    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

[Stamp: RECEIVED MAR 09 2016]

EXHIBIT A

Case 4:18-cv-00635-KGB Document 1 Filed 09/06/18 Page 10 of 14
CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **AMENDED**<br>**493-2016-00859** |
|  | | and EEOC |
| *State or local Agency, if any* | | |

**On or about April 8, 2016, I was informed via e-mail that I would be required to sign an agreement to arbitrate legal claims which I believe violates all EEOC statutes. I signed the document because the e-mail also stated that associates who do not electronically sign the document will be terminated. I believe I was discriminated against because my employer required me to execute an arbitration agreement.**

RECEIVED MAY 13 2016

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 5-13-2K16            *[signature]*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mary L. Payne<br>10641 Frenchmen Loop Apt A<br>Maumelle, AR 72113 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2016-00859 | Tyrone Y. Blanks, Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

JUN 18 2018

*(Date Mailed)*

Enclosures(s)

cc: Carol A. Koros
Legal Assistant to the VP, Secretary and General Counsel
DILLARD'S
P O Box 486
Little Rock, AR 72203

J. Bruce Cross, Esq.
Cross Gunter Witherspoon
& Galchus, P.C.
500 President Clinton Avenue
Suite 200
Little Rock, AR 72201



EXHIBIT B

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"**Actual**" disability or a "**record of**" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" **now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"**Regarded as**" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.