**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARY L. PAYNE**                                                                    **PLAINTIFF**

**v.**                                    **Case No**. **4:18-cv-00635 KGB**

**DILLARD'S, INC.**                                                           **DEFENDANT**

**ORDER**

Before the Court is a joint motion to stay the initial scheduling order and incorporated brief filed by counsel for plaintiff Mary L. Payne and counsel for defendant Dillard's, Inc. ("Dillard's") (Dkt. No. 10). The Court grants the motion.

On October 18, 2018, Dillard's filed a motion to compel arbitration and to dismiss, or alternatively, to stay litigation pending arbitration (Dkt. No. 4). The parties submit in their joint motion to stay that the initial scheduling order, entered on March 19, 2019, and the action required under it is premature until such time as the Court resolves the pending question of the applicability of the arbitration agreement presented in Dillard's motion to compel arbitration and dismiss (Dkt. No. 10, ¶ 6). The parties submit that, because the pending motion affects whether the Court has subject matter jurisdiction to adjudicate Ms. Payne's causes of action against Dillard's, it would be inefficient and inappropriate for the parties to be required to conduct a Rule 26(f) conference and to submit a report (*Id.*). The parties request that the Court rescind its initial scheduling order or, at a minimum, stay the initial scheduling order until such time as the Court rules on Dillard's pending motion (*Id.*, ¶ 7).

Other courts in the Eighth Circuit have stayed discovery while considering whether a case must instead proceed to arbitration. *See e.g.*, *In re CenturyLink Sales Practices and Securities Litig.*, MDL No. 17-2795 (MJD/KMM), 2018 WL 2122869 (D. Minn. May 8, 2018); *Wells Fargo*

*Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at \*3 (D. Minn. July 29, 2016). If the Court grants Dillard's pending motion to compel arbitration, the arbitrator will determine the scope of discovery. *Wells Fargo Ins. Servs. USA, Inc.*, 2016 WL 6892108, at \*5. Further, while the Court declines to predict the outcome of Dillard's motion to compel arbitration, if the motion to compel arbitration is granted, then none of Ms. Payne's claims will remain before this Court.

For these reasons, and because Ms. Payne consents to the request for a stay, the Court grants the joint motion to stay (Dkt. No. 10). Accordingly, the Court stays the initial scheduling order until after the Court rules on the pending motion to compel arbitration (Dkt. No. 4). If necessary, at that time, the Court will issue an amended initial scheduling order setting forth revised dates.

It is so ordered this 7th day of May, 2019.

Kristine G. Baker
United States District Judge